UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JASON MONGE,
ALBERTO GONZALEZ,
ANTHONY ORTIZ, and
RAMON RIVERA,

     Plaintiff,

v.                       CASE NO:  6:22-cv-00864-RBD-LHP

RHINO TIRE USA, LLC

     Defendant.
_____/

## THIRD JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs move the Court for an Order approving the proposed negotiated Settlement Agreement as a fair and reasonable resolution of the bona fide dispute in the underlying action. A Memorandum in Support is incorporated into this Joint Motion by reference.

### I. INTRODUCTION

On May 9, 2022 Plaintiff Jason Monge filed a complaint against Defendant for unpaid overtime wages. (ECF #1). On June 28, 2022, Plaintiffs Alberto Gonzalez, Anthony Ortiz, and Ramon Rivera joined the suit and an amended complaint was filed. (ECF #13). Counsel engaged in settlement discussions and ultimately resolved the matter. (ECF #22). Plaintiffs and Defendant compromised their original positions and moved for this Court's approval of the negotiated

settlement agreement (attached hereto as Exhibit "A"). On, October 4, 2022, the Parties filed a Joint Motion for Approval of the Settlement Agreement (Doc. 24). On November 9, 2022, this Court issued an Order denying the Parties' Motion for Approval of the Settlement Agreement (Doc. 27). On November 21, 2022, the Parties filed a Second Joint Motion for Approval of the Settlement Agreement (Doc. 37). On November 23, 2022, this Court issued an Order denying the Parties' Motion for Approval of the Settlement Agreement (Doc. 38). The Parties now file a third motion seeking approval of the attached settlement agreement.

## II. MEMORANDUM OF LAW

### a. The Court May Approve a Proposed Settlement When it is a Fair and Reasonable Resolution of a Bona Fide Dispute.

As this is a resolution of claims under the FLSA, this Court may enter a stipulated judgement approving a proposed settlement once it is satisfied that the settlement is a "fair and reasonable resolution of a bona fide dispute" over claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982). "If a settlement . . . reflect[s] a reasonable compromise over issues...that are actually in dispute[,]" the settlement may be approved "in order to promote the policy of encouraging the settlement of litigation." *Id.* at 1354.

When evaluating whether a compromise is fair and reasonable, courts examine the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3)

the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Dees v. Hydradry, Inc.* 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010) (citations omitted).

Additionally, when a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interests taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

### b. The Parties Agree the Settlement is a Fair and Reasonable Resolution of Contested Claims under the FLSA.

Plaintiffs and Defendants do not agree as to the viability of the FLSA claims asserted in the action. Plaintiffs allege that they were not paid overtime compensation for all overtime hours that were worked, and Defendant disputes these allegations. Consequently, there is, beyond doubt, a bona fide dispute as to the FLSA claims asserted in this action.

The proposed settlement is fair and reasonable. There is no fraud or collusion behind the settlement. The Parties have exchanged documents and information regarding each Parties' position. This information has allowed the Parties to reach an early resolution, prior to the expense of formal, lengthy discovery. Defendant believes the Plaintiff is exempt from overtime, and, even if

Plaintiffs were owed overtime, Defendant disputes the amount of hours claimed to be owed by Plaintiffs. By resolving this matter, Plaintiffs obtain certainty of resolution, and each party is spared the risk and cost of litigation, especially the risk Plaintiffs face due to the uncertainty of recovery. Through this joint motion, counsel for both parties have affirmatively indicated their shared belief that the proposed settlement is fair, reasonable, and adequate.

Specifically, as to the amounts alleged to be owed by Plaintiffs, they are compromising those amounts due to the possibility of being found to be exempt under the FLSA and due to the uncertainty of recovery from the Defendant if they were to prevail. Based on calculations prior to discovery, Plaintiffs estimate their best-day recovery amounts to be as follows:

- Monge: $8,000 ($12.50 effective hourly rate [$750 salary per week] x 0.5 x 64 weeks x ~20 overtime hours per week);

- Gonzalez: $14,000 ($20.00 effective hourly rate [$1,200 salary per week] x 0.5 x 70 weeks x ~20 overtime hours per week);

- Ortiz: $8,993.60 ($11.67 effective hourly rate [$700 salary per week] x 0.5 x 77 weeks x ~20 overtime hours per week); and

- Rivera: $3,036.80 (($11.67 effective hourly rate [$700 salary per week] x 0.5 x 26 weeks x ~20 overtime hours per week).

Further, the amount attributed to the attorney's fees is fair and reasonable, as work on this case has been limited given the short length of proceeding. Additionally, attorney's fees were negotiated separately.

Finally, this Court has previously questioned the propriety of releasing non-parties to an FLSA agreement. See Arguelles v. Noor Baig, Inc., No. 6:16-cv-2024-

Orl-37TBS, Doc. No. 19 (M.D. Fla. Feb. 23, 2017).  However, where the release is limited to the claims asserted in the complaint, the Court has allowed extension of such a release to non-parties to the agreement.  See, e.g., Marte v. Gizmo Orlando, Inc., No. 6:18-cv-596-Orl-37KRS, 2018 WL 4610620, at *4 (M.D. Fla. May 31, 2018), report and recommendation adopted, 2018 WL 3084007 (M.D. Fla. June 22, 2018); Realty, LLC, No. 6:17-cv-765-Orl-37KRS, 2018 WL 1791534, at *3 (M.D. Fla. Apr. 12, 2018), report and recommendation adopted, 2018 WL 1791535 (M.D. Fla. Apr. 16, 2018); Rosario v. Petland Orlando South, Inc., 6:21-cv-713-RBD-LRH (M.D. Fla. Jul. 20, 2021), report and recommendation adopted, 2021 WL 3183818 (M.D. Fla Jul. 23, 2021).  Similarly in this case, the release is limited to only the FLSA claims asserted in the Compliant.  Therefore, this Court should approve the settlement.

### III.   CONCLUSION

For these reasons, the parties jointly move for this Court's approval of the settlement agreement and dismiss this action with prejudice.

Dated 29th day of November, 2022.

Respectfully submitted,

| /s/ Christopher J. Saba | /s/ David S. Harvey |
|---|---|
| Christopher J. Saba | David S. Harvey |
| Florida Bar No. 092016 | Florida Bar No. 0984043 |
| Wenzel Fenton Cabassa P.A. | Lewis Brisbois Bisgaard & Smith LLP |
| 1110 N. Florida Avenue, Suite 300 | 401 E. Jackson Street, Suite 3400 |
| Tampa, Florida 33602 | Tampa, Florida 33602 |
| Main No.: 813-224-0431 | Main No.:813-739-1900 |
| Facsimile No.: 813-229-8712 | Facsimile No.:813-739-1919 |
| Email: csaba@wfclaw.com | Email: david.harvey@lewisbrisbois.com |
| **Attorneys for Plaintiffs** | **Attorneys for Defendant** |