# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JASON MONGE, ALBERTO
GONZALEZ, ANTHONY ORTIZ and
RAMON RIVERA,

       Plaintiffs,

v.                                                                    Case No:   6:22-cv-864-RBD-LHP

RHINO TIRE USA, LLC,

       Defendant

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **AMENDED THIRD JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 41)**
>
> **FILED:** November 29, 2022
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

**I.     BACKGROUND.**

On May 9, 2022, Plaintiff Jason Monge instituted this action against Defendant Rhino Tire USA, LLC, alleging violations of the Fair Labor Standards Act ("FLSA"). Doc. No. 1. The operative pleading is the amended complaint, filed on June 28, 2022, which adds Alberto Gonzalez, Anthony Ortiz, and Ramon Rivera as Plaintiffs, and alleges one claim for failure to pay overtime wages in violation of the FLSA. Doc. No. 13. Defendant has answered the amended complaint. Doc. No. 15.

On October 4, 2022, the parties filed a Joint Motion for Approval of Settlement, asking that the Court approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Doc. No. 24. With the motion, the parties included a fully executed copy of their Settlement Agreement. Doc. No. 24-1.

Upon consideration, the undersigned denied the joint motion without prejudice for two reasons. Doc. No. 27. First, the parties had not provided the amounts Plaintiffs claimed to be owed under the FLSA, and thus, there was insufficient information for the Court to evaluate the fairness of the parties' proposed settlement. *Id.* at 2–3. Second, the parties had not explained the propriety of extending the release of claims to non-parties to the agreement. *Id.* at

3. The undersigned ordered the parties to file a renewed joint motion by November 22, 2022, addressing these issues. *Id.*

The parties filed a renewed joint motion on November 21, 2022. Doc. No. 37. However, upon review, the renewed joint motion suffered one of the same deficiencies as the first—the parties again did not explain the compromise of Plaintiffs' claims. *See id.* Accordingly, the undersigned denied the renewed motion without prejudice, and provided the parties one final opportunity to file a renewed motion addressing this issue. Doc. No. 38.

Now before the Court is the parties' renewed joint motion, timely filed on November 29, 2022. Doc. No. 41. With the motion, the parties have included a fully executed copy of their Settlement Agreement. Doc. No. 41-1. The parties request that the Court approve their Settlement Agreement in accordance with *Lynn's Food*, and to dismiss the case with prejudice. Doc. No. 41. The joint motion has been referred to the undersigned, and the matter is ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353. A court may enter an order approving a settlement only if it finds

that the settlement "is a fair and reasonable resolution of a bona fide dispute," of the plaintiff's FLSA claims. *Id.* at 1353–55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The stage of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *Lynn's Food*, 679 F.2d at 1354.

When a settlement agreement includes an amount for attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1] The parties may demonstrate the reasonableness of the attorneys' fees by either: (1)

---

[1] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

demonstrating the reasonableness of the proposed attorneys' fees using the lodestar method; or (2) representing that the parties agreed to plaintiff's attorneys' fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## III. ANALYSIS.

  A.  *Whether Plaintiffs Have Compromised Their FLSA Claims.*

Pursuant to the Settlement Agreement, Defendant agrees to pay Plaintiffs a total of $20,000.00, as follows:

- $6,150.00 in unpaid wages: $1,500.00 to Plaintiff Monge; $2,550.00 to Plaintiff Gonzalez; $1,550.00 to Plaintiff Ortiz; and $550.00 to Plaintiff Rivera.

- $6,150.00 in liquidated damages: $1,500.00 to Plaintiff Monge; $2,550.00 to Plaintiff Gonzalez; $1,550.00 to Plaintiff Ortiz; and $550.00 to Plaintiff Rivera.

- $7,700.00 in attorney's fees and costs.

Doc. No. 41-1 ¶ 2.[2]  The parties settled Plaintiffs' claims before they provided the Court with any information about the value of their claims, and the amended complaint does not otherwise specify any precise monetary demand.

---

[2] Although the Settlement Agreement states that the unpaid wages and liquidated damages totals are $6,100.00, *see* Doc. No. 41-1 ¶ (2)(a)–(b), this appears to be a scrivener's error given the amount each individual will receive, and the total amount to be paid under

In the joint motion, the parties explain that Plaintiffs calculated their damages as follows prior to any discovery:

- Plaintiff Monge: $8,000.00 (based upon 20 hours of unpaid overtime per week for 64 weeks, at a halftime rate of $6.25)

- Plaintiff Gonzalez: $14,000.00 (based upon 20 hours of unpaid overtime per week for 70 weeks, at a halftime rate of $10.00)

- Plaintiff Ortiz: $8,993.60 (based upon 20 hours of unpaid overtime per week for 77 weeks, at a halftime rate of $5.84)

- Plaintiff Rivera: $3,036.80 (based upon 20 hours of unpaid overtime per week for 26 weeks, at a halftime rate of $5.84).

Doc. No. 41, at 4.

Because each of the Plaintiffs will receive less under the Settlement Agreement than the amount that they claimed was owed under the FLSA, Plaintiffs have compromised their claims within the meaning of *Lynn's Food*. *See Bonetti*, 715 F. Supp. 2d at 1226 ("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand.").

---

the Settlement Agreement.

### B. *Reasonableness of the Settlement Amount.*

Because Plaintiffs have compromised their FLSA overtime claims, the Court must, under *Lynn's Food*, evaluate whether the settlement amounts that they agreed to accept are reasonable. In the joint motion, the parties explain that they do not agree as to the viability of Plaintiffs' claims, in particular, Defendant believes that Plaintiffs were exempt from overtime, and even if they were owed overtime, Defendant disputes the amount Plaintiffs claim to be owed. Doc. No. 41, at 3–4. The parties exchanged documents and information regarding their respective positions, and based thereon, they were able to reach an early resolution prior to formal discovery. *Id.* at 3. Plaintiffs enter into the settlement to obtain certainty of resolution, and both parties will be spared the risks and costs associated with litigation, which for Plaintiffs includes the uncertainty of any recovery given the outstanding issue of whether they are exempt under the FLSA. *Id.* at 4. The parties agree that their proposed settlement is fair, reasonable, and adequate. *Id.*

Because these representations adequately explain the reasons for the compromise of Plaintiffs' FLSA overtime claims, I recommend that the Court find the amount of the compromise reasonable. *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

### C. *Attorney's Fees and Costs.*

Given that Plaintiffs have compromised their FLSA overtime claims, the Court must also consider whether the payment to Plaintiffs' counsel is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiffs agreed to accept in settlement. *See Silva*, 307 F. App'x at 351.

Under the Settlement Agreement, counsel for Plaintiffs will receive a total of $7,700.00 in attorney's fees and costs. Doc. No. 41-1 ¶ 2(c). The Settlement Agreement further states that "[t]he Parties recognize that Plaintiffs' attorney's fees and costs were negotiated separately from Plaintiffs' unpaid wages." *Id.* ¶ 4. In the joint motion, the parties also state that "attorney's fees were negotiated separately." Doc. No. 41, at 4.

Based on these representations, and in the absence of objection, I recommend that the Court find that the amount of attorney's fees Plaintiffs' counsel will receive is reasonable and does not taint the amount that Plaintiffs have agreed to accept in settlement of their FLSA wage claims. *See Bonetti*, 715 F. Supp. 2d at 1228 (finding that when attorney's fee issue is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement").

### D. *Other Terms of the Settlement Agreement.*

On review, the parties' Settlement Agreement does not contain a confidentiality provision, non-disparagement clause, or other non-cash concession that would undermine the fairness of the parties' settlement. *See* Doc. No. 41-1. However, the "Release of Claims" is partially problematic. In the joint motion, the parties state that "the release is limited to only the FLSA claims asserted in the Complaint." Doc. No. 41, at 5. However, the provision in the Settlement Agreement provides:

> 9. <u>Release of Claims</u>. In exchange for the Gross Settlement Proceeds, Plaintiffs release, absolve, and discharge Defendant, Rhino Tire USA, LLC, as well as any past or present parent company, subsidiary, association, partnership, affiliated entity, predecessor, successor, assign, or any related entitles; and any past or present officer, director, shareholder, member, partner, trustee, agent, attorney, employee, or insurer of an entity identified in the paragraph from any claims, demands, actions, suits, causes of action, damages, or liabilities arising under the FLSA, *and all claims for unpaid wages in the form of vacation pay. Plaintiffs also release, absolve, and discharge Defendant for any other claims arising out of Plaintiffs' compensation, wages, and/or termination of their employment with Defendant or the Lawsuit.*

Doc. No. 41-1 ¶ 9 (emphasis added).

The parties do not explain the propriety of Plaintiffs' release of claims for vacation pay in this lawsuit, nor do the parties explain the propriety of extending the release beyond the wage claims asserted in the complaint to "any other claims" related to Plaintiffs' employment with Defendant, to include compensation claims, wage claims, and/or claims regarding termination. *See* Doc. No. 41. Nor do the

parties suggest that Plaintiffs will be receiving separate consideration for this provision. *See id.* Given that the Settlement Agreement contains a severability clause, *see* Doc. No. 41-1 ¶ 8, and the parties' apparent intention to limit the release to the "FLSA claims asserted in the Complaint," *see* Doc. No. 41, at 5, I will recommend that the Court sever the language extending the release beyond Plaintiffs' claims arising under the FLSA. *See, e.g.*, *Torres v. Event Venue Lake Mary LLC*, No. 6:21-cv-660-RBD-LHP, 2022 WL 2349979, at *3 (M.D. Fla. Feb. 2, 2022), *report and recommendation adopted*, 2022 WL 2317463 (M.D. Fla. Feb. 3, 2022) (approving release limited to claims arising under the FLSA); *Monserrate v. Hartford Fire Ins. Co.*, No. 6:14-cv-149-Orl-37GJK, 2016 WL 8669879, at *4 (M.D. Fla. Sept. 23, 2016), *report and recommendation adopted*, 2016 WL 5746376 (M.D. Fla. Oct. 4, 2016) (same). *See also Godwin v. IMCMV Daytona LLC*, No. 6:19-cv-1643-Orl-37EJK, 2021 WL 263971, at *4 (M.D. Fla. Jan. 21, 2021), *report and recommendation adopted*, 2021 WL 252293 (M.D. Fla. Jan. 26, 2021) (approving FLSA settlement after severing language from release that extended to any claims arising under "federal, state, or common law"); *Hicks v. Deepwater Glob. Distrib., Inc.*, No. 6:17-cv-1472-Orl-41TBS, 2019 WL 1459090, at *2 (M.D. Fla. Jan. 29, 2019), *report and recommendation adopted*, 2019 WL 1453289 (M.D. Fla. Apr. 2, 2019) (approving release limited to claims for

unpaid wages, as well as any other wage and hour claim of any kind, arising under the FLSA).[3]

The Settlement Agreement also contains one other provision that I find unenforceable. In a paragraph titled, "General Terms and Conditions," the parties agree that "[t]his Agreement may only be amended or modified by a writing signed by all of the Parties." Doc. No. 41-1 ¶ 15. A court cannot find an FLSA settlement agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold otherwise would leave the parties free to circumvent *Lynn's Food* review through *post hoc* modifications of an already-approved agreement. *See Madison v. United Site Servs. of Fla., Inc.*, No. 6:16-cv-1991-Orl-41DCI, 2018 WL 2197757, at *1 (M.D. Fla. May 14, 2018) ("Pursuant to *Lynn's Food Stores, Inc.*, 679 F.2d at 1355, any future modifications to the Settlement Agreements

---

[3] I note that the "Release of Claims" in the Settlement Agreement extends to non-parties. This Court has previously questioned the propriety of releasing non-parties to an FLSA agreement. *See Arguelles v. Noor Baig, Inc.*, No. 6:16-cv-2024-Orl-37TBS, Doc. No. 19 (M.D. Fla. Feb. 23, 2017). However, when a release is limited to claims arising under the FLSA, this Court has found that such releases do not affect the fairness and reasonableness of the settlement. *See, e.g., Torres*, 2022 WL 2349979, at *3, *report and recommendation adopted*, 2022 WL 2317463; *Rosario v. Petland Orlando S., Inc.*, No. 6:21-cv-713-RBD-LRH, 2021 WL 3124456, at *4 n.3 (M.D. Fla. July 20, 2021), *report and recommendation adopted*, 2021 WL 3183818 (M.D. Fla. July 23, 2021); *Neusch v. MAC Altamonte, LLC*, No. 6:16-cv-1583-Orl-37DCI, 2017 WL 11072153, at *4 (M.D. Fla. June 5, 2017), *report and recommendation adopted*, 2017 WL 11072155 (M.D. Fla. June 7, 2017). Accordingly, if the Court limits the "Release of Claims" by severing the language extending the release beyond claims arising under the FLSA, extension of said release to non-parties to the agreement would not undermine the fairness of the parties' settlement.

are unenforceable absent judicial approval."). Thus, I will recommend that the Court sever the sentence pertaining to modification from the Settlement Agreement pursuant to the severability clause. *See* Doc. No. 41-1 ¶ 8. *See also Godwin*, 2021 WL 263971, at *4 ("Courts in this District routinely approve settlement agreements while striking unfair or unenforceable provisions of the agreement when the agreement contains a severability provision.").

## IV. RECOMMENDATION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT in part and DENY in part** the Amended Third Joint Motion for Approval of Settlement (Doc. No. 41);

2. **SEVER** from the Settlement Agreement the language extending the release beyond Plaintiffs' claims arising under the FLSA (Doc. No. 41-1 ¶ 9), as follows:

Release of Claims. In exchange for the Gross Settlement Proceeds, Plaintiffs release, absolve, and discharge Defendant, Rhino Tire USA, LLC, as well as any past or present parent company, subsidiary, association, partnership, affiliated entity, predecessor, successor, assign, or any related entitles; and any past or present officer, director, shareholder, member, partner, trustee, agent, attorney, employee, or insurer of an entity identified in the paragraph from any claims, demands, actions, suits, causes of action, damages, or liabilities arising under the FLSA~~, and all claims for unpaid wages in the form of vacation pay. Plaintiffs also release, absolve, and discharge Defendant for any other claims arising out of Plaintiffs' compensation, wages, and/or termination of their employment with Defendant or the Lawsuit~~.

3.  **SEVER** from the Settlement Agreement the following language permitting modification: "The Agreement may only be amended or modified by a writing signed by all of the Parties." *See* Doc. No. 41-1 ¶ 15.

3.  **APPROVE** the Settlement Agreement (Doc. No. 41-1), as amended by the Court;

4.  **DISMISS** this case with prejudice; and thereafter

5.  **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 5, 2022.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

Counsel of Record
Unrepresented Party
Courtroom Deputy

- 14 -